UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

BAYMONT FRANCHISING, LLC,

        Plaintiff,

      v.                                     Case No. 05-C-0606

HEARTLAND PROPERTIES, LLC,
DAVID W. ADAMS,
BETTY L. ADAMS,

        Defendants.
_____

## ORDER

Defendants filed a motion to transfer this action to the Western District of Kentucky. For the reasons stated below, the court is obliged to grant the defendants' motion.

## BACKGROUND

In 1994, Heartland Properties, Inc. ("HPI"), the predecessor of defendant Heartland Properties, LLC ("Heartland"), and Budgetel Franchises International, Inc. ("Budgetel"), the predecessor of plaintiff Baymont Franchising, LLC ("Baymont"), entered into a license agreement ("Agreement") wherein HPI was granted a non-exclusive license to operate a hotel in Shepardsville, Kentucky, using certain of Budgetel's intellectual proprietary information. The Agreement contains the following forum selection clause:

> Venue. Licensee acknowledges that this Agreement is accepted and will be partially performed at Milwaukee, Wisconsin. Accordingly, Licensee consents, with respect to any dispute arising under this Agreement or any ancillary agreement, to jurisdiction of courts of the State of Wisconsin and the United States District Court for the Eastern District of Wisconsin, and waives, to the extent permitted by applicable law, any venue and/or inconvenient forum objection to proceedings in the above state and federal judicial districts in which Budgetel maintains its headquarters.

(Complaint, Ex. 2 at p. 16.) Presumably, Wisconsin is the chosen forum because Budgetel is a Wisconsin corporation and a wholly-owned subsidiary of Marcus Corporation, a Wisconsin corporation.

In 1996, defendant Heartland Properties, LLC and Budgetel entered into an Assumption Agreement whereby Heartland assumed all of HPI's rights, responsibilities, obligations, and liabilities under the Agreement. Defendant Heartland is a limited liability company formed under the laws of the State of Kentucky, having its principal place of business in the State of Kentucky.

In 2004, La Quinta Corporation acquired certain assets from Marcus Corporation, including the franchise system of hotels and the Agreement. As a result, plaintiff Baymont is the successor in interest of Budgetel.[1] Baymont is a limited liability company organized under the laws of the State of Delaware, having its principal place of business in the State of Texas.

---

[1] Plaintiff Baymont is a wholly owned subsidiary of La Quinta Inns, Inc. La Quinta Inns, Inc. is a wholly owned subsidiary of La Quinta Leasing Company. La Quinta Leasing Company is a wholly owned subsidiary of La Quinta Corporation.

In 1994, Defendants David W. Adams and Betty L. Adams executed a guarantee rider in which they agreed to be bound by the Agreement and guaranteed that the licensee's obligations would be punctually paid and performed. Defendants David and Betty Adams reside in, and are citizens of, the State of Kentucky.

On March 25, 2005, Baymont terminated the Agreement on the basis that Heartland breached the Agreement by refusing to install software to be used in the hotel's registration system. Baymont alleges that Heartland continues to use and possess Baymont's trademarks, logos, slogans, trade dresses, service marks, trade secrets, and other intellectual property and that the defendants have not paid sums due under the Agreement and guarantee rider. On June 3, 2005, Baymont filed this suit, alleging claims of federal trademark infringement, 15 U.S.C. § 1114(1), false designation of origin and false description, 15 U.S.C. § 1125(a), misappropriation of trade secrets, breach of contract, and declaratory relief.

On May 17, 2005, Heartland filed suit against La Quinta Corporation in the Circuit Court for Bullitt County, Kentucky. La Quinta Corporation removed the action to the United States District Court for the Western District of Kentucky. *See Heartland Properties, LLC v. La Quinta Corporation*, Civil Action No. 05-CV-328-S (the "Kentucky action"). In the Kentucky action, Heartland

alleges that Baymont wrongfully terminated the Agreement. The Kentucky action arises out of the same set of facts and events forming the basis of Baymont's complaint in the instant action. In the Kentucky action, La Quinta Corporation has moved for judgment on the pleadings or, in the alternative, to transfer venue to the Eastern District of Wisconsin. The motion remains pending in that court.

In this action, the defendants have moved to transfer this action to the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a).[2]

## ANALYSIS

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). According to this provision, the court must first determine whether the action could have been filed in the proposed transferee district. Venue is proper in the Western District of Kentucky because all of the defendants reside in the Western District of Kentucky. *See* 28 U.S.C. § 1391(b).[3] Venue is proper for a second

---

[2]The following motions are also pending before the court: (1) plaintiff's motion for a preliminary injunction; and (2) defendants' motion to file a sur-reply brief in opposition to the motion for a preliminary injunction.

[3]Venue in actions not solely predicated upon diversity of citizenship is governed by 28 U.S.C. § 1391(b). This section is applicable because Baymont asserts that this court has jurisdiction under 28 U.S.C. § 1331 as a result of Baymont's claims predicated upon federal statutes.

reason: a substantial part of the events giving rise to the claim, such as Heartland's alleged breach of the Agreement, occurred in the Western District of Kentucky. *Id.* The parties do not dispute that this action could have been filed in the Western District of Kentucky. The court, therefore, finds that the action could have been filed in the Western District of Kentucky.

The court must also determine whether the transfer is for the "convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Generally, the party seeking transfer carries the burden of showing that the transfer is warranted. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). Courts consider the following factors in weighing whether to transfer venue to another district: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the convenience of the parties; (4) the convenience of non-party witnesses; (5) the court's power to compel the appearance of unwilling witnesses and the costs of obtaining attendance of witnesses; (6) the location of physical evidence; (7) the relative familiarity of the courts with the applicable law; (8) the relationship between the forum community and the subject of the litigation; (9) the congestion of the respective court dockets; and (10) whether transfer would facilitate consolidation of cases. *See Goggins v. Alliance Capital Management,* L.P., 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003); *Amoco Oil Co. v.*

*Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000); *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998).

Because the court must weigh the convenience of non-party witnesses and other public-interest factors that fall under the heading of "the interest of justice," a "forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . ., but rather the consideration for which Congress provided in § 1404(a). Cf. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) ( § 1404(a) accords broad discretion to district court, and plaintiff's choice of forum is only one relevant factor for its consideration)." *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 31 (1988); *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) ("Despite the existence of a valid forum-selection clause, courts may still transfer a case under § 1404(a). This is because only one of § 1404(a)'s factors–convenience of the parties–is within the parties' power to waive.") (internal citations omitted). By signing a valid forum selection clause, a party waives the right to move for a change of venue on the ground of inconvenience to the moving party, but any party to the suit is free to move for a change of venue based upon the inconvenience to non-party witnesses or to the judicial system itself. *Northwestern National Insurance Company v. Donovan*, 916 F.2d 372, 378 (7th Cir. 1990).

The defendants do not assert their own inconvenience in litigating this action in Wisconsin. Nevertheless, after considering the balance of the 1404(a) factors, the court finds that transferring this action to the Western District of Kentucky is in the best interests of the non-party witnesses and is in the interest of justice. All of the operative facts underlying the dispute occurred in Kentucky: Heartland operated the hotel in Kentucky; any alleged breach of the Agreement occurred in Kentucky; and any alleged trademark infringement is occurring in Kentucky. If the public has been confused as a result of the alleged trademark infringement or inconvenienced as a result of Heartland's alleged breach of contract, the public harm occurred in Kentucky. Likewise, if Heartland prevails upon its claim in the Kentucky action that the Agreement was wrongfully terminated, a Kentucky limited liability company suffered the harm. Kentucky, therefore, has an interest in the subject matter of this litigation, whereas Wisconsin has none. None of the parties in this case are citizens of Wisconsin. None of the witnesses in this case are citizens of Wisconsin. All of the non-party witnesses identified by the defendants are beyond the subpoena power of this court. None of the non-party witnesses would find Wisconsin a more convenient venue than Kentucky. No documents or other physical evidence are located in Wisconsin. Transferring this action would facilitate the consolidation of cases, avoiding the wastefulness of duplicative litigation and the possibility of

inconsistent rulings. *See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *Trippe Manufacturing Company v. American Power Conversion Corporation*, 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources."). Although the plaintiff's choice of forum is generally afforded deference, "this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff." *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *see also D'Ancona & Pflaum LLP v. M2 Software Inc.*, 2001 WL 873021, *2 (N.D. Ill. Aug. 2, 2001).

The defendants argue that Kentucky would be more convenient for several non-party witnesses. "In considering the convenience of potential witnesses, the Court must consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case." *Central States, Southeast and Southwest Areas Pension Fund v. Brown,* 587 F. Supp. 1067, 1070 (N.D. Ill. 1984). The defendants contend that several non-party witnesses who were present at a September 2004 meeting could testify that a Baymont representative described the reservation system at

issue in this case and represented that the system would be free of charge to all of the franchisees. (*See* August 3, 2005 Declaration of David Adams in Opposition to Plaintiff's Motion for Preliminary Injunction ¶¶ 7-8.) Baymont's description of the reservation system and its representation of the cost of the system to franchisees is relevant to the nature of the issues in this action and in the Kentucky action. The potential non-party witnesses reside in Kentucky, Tennessee, North Carolina, and Indiana. (*See* August 26, 2005 Declaration of David Adams in Support of Defendants' Motion for Change of Venue ¶¶ 2-8.) Presumably, the Western District of Kentucky has subpoena power over a number of those witnesses. Even for those witnesses who reside outside of Kentucky, Kentucky is closer than Wisconsin; travel to Kentucky would most likely be more convenient and less expensive than travel to Wisconsin.

Even if there were only party witnesses in this action, Wisconsin would not be a more convenient forum for any of them, including the plaintiff's witnesses. Baymont, a limited liability company with its principal place of business in Texas, does not argue that it finds Wisconsin more convenient than Kentucky. Rather, Baymont favors Wisconsin because Wisconsin is more inconvenient to the defendants than Kentucky. Baymont argues, "[T]he present venue of Wisconsin minimizes the risk that either party will have an advantage based on venue." (*See* Plaintiff's Opposition to Defendants' Motion for Change of Venue

at 8.) Baymont cannot sincerely contend that the forum selection clause in the Agreement was intended to ensure that neither party to the Agreement had a "home field advantage" based upon venue: one of the original parties to the Agreement was a Wisconsin corporation and the chosen forum was Wisconsin. Baymont's argument, however, reveals that its concern is inconveniencing the defendants. Making litigation more burdensome and costly to the opposing party is not in the interest of justice. *Cf.* Fed. R. Civ. P. 11(b)(1) (noting the improper purpose of needlessly increasing the cost of litigation).

Baymont's remaining argument in opposition to transfer is that Wisconsin law governs the claims for breach of contract and misappropriation of trade secrets. Baymont does not explain, however, why a Kentucky court could not apply Wisconsin law. *See, e.g., Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1136 (6th Cir. 1991) ("[T]he courts of Alabama and Michigan, applying Michigan law under the governing law clause, should reach identical results on the substantive issues involved in the case."); *TruServ*, 6 F. Supp. 2d at 794 ("[C]ourts are often called upon to decide substantive legal questions based upon another state's laws."). There is nothing so peculiar about Wisconsin contract law or the Wisconsin Uniform Trade Secrets Act as to be beyond the comprehension of our sister court in Kentucky. *TruServ*, 6 F. Supp. 2d at 794. Kentucky's application of Wisconsin law does not outweigh the other 1404(a)

considerations pertaining to the convenience of witnesses and the interest of justice.

Wisconsin's only connection to this action is that the plaintiff's predecessor was a Wisconsin corporation that included a Wisconsin forum selection clause in the original Agreement between the predecessor of the plaintiff and the predecessor of the defendant. The court acknowledges that the forum selection clause itself is a "significant factor that figures centrally" in the court's determination and that the court considers the "fairness of transfer in light of the forum-selection clause." *Ricoh*, 487 U.S. at 29. In light of the specific circumstances of this action, however, the court finds that transfer is fair and appropriate, in the interest of justice, and for the convenience of the witnesses.

Accordingly,

IT IS ORDERED that the defendants' motion to transfer be and the same is hereby GRANTED; this action shall be transferred to the Western District of Kentucky for consolidation with *Heartland Properties, LLC v. La Quinta Corporation*, Civil Action No. 05-CV-328-S.

The clerk of the court is directed to take all appropriate steps to effectuate the transfer.

Dated at Milwaukee, Wisconsin, this __3rd__ day of November, 2005.

- 11 -
Case 2:05-cv-00606-JPS   Filed 11/03/05   Page 11 of 12   Document 55

BY THE COURT:

 s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge